# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA K. FISK, | Case No. 1:13-cv-00862-LJO-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS |
| v. | |
| JOHN M. MCHUGH, | ECF NO. 1 |
| Defendant. | |
| | and |
| | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO COMPLETE AND FILE LONG FORM APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (FORM # AO 239) |
| | ECF NO. 2 |
| | THIRTY (30) DAY DEADLINE |

Plaintiff Paula K. Fisk ("Plaintiff") is proceeding pro se in the above-captioned action. Plaintiff filed the original complaint in this action on June 6, 2013. (ECF No. 1.) For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will dismiss Plaintiff's complaint with leave to file an amended complaint within thirty (30) days. The Court will further order Plaintiff to complete and file a long form application to proceed in district court without prepaying fees or costs or, in the alternative, pay the filing fee in this action.

1

# I.

# SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

# II.

# PLAINTIFF'S COMPLAINT

Plaintiff alleges that she was a soldier and family assistance program manager for the United States Army Recruiting Command in Fresno, California from 2009 to 2010. (Compl. 1.) Plaintiff further alleges that she "blew the whistle on MAJ Maria Rodriguez Shellhamer, LTC Richard Rivera, COL. Michael Howitz, BG Michael X. Garrett and MG Donald M. Campbell, Jr., my USAREC chain of command, for creating a toxic command climate of sexual harassment, abusive behavior towards disabled civilian and military members." (Compl. 1.) Plaintiff alleges that she filed a complaint with the "U.S. Equal Opportunity Commission, Office of Federal operations, Appeal No. 0120130288." (Compl. 2.)

Plaintiff alleges that she "began reporting to my chain of command that conduct which violated agency rules was ongoing since at least September 2009, including ignoring agency protocols in place to assist Army Recruiting/Combat Veterans suffering from Post-Traumatic Stress Disorder, reporting suicide ideation and attempts of suicide." (Compl. 2.) After Plaintiff made these reports, she suffered retaliation, including an incident where Plaintiff's "timecard" was changed from a "day of work" to a "day of absence without leave." (Compl. 2.) Plaintiff alleges that, on the day in question, she fell at work and injured her right knee and back and filed a worker's compensation claim. (Compl. 2.) Plaintiff contends that MAJ Maria Rodriguez Shellhamer changed Plaintiff's timecard and terminated Plaintiff for "whistleblowing." (Compl. 2.)

Plaintiff also alleges that she received harassing e-mails from Shellhamer in October 2011 in retaliation for filing an EEOC complaint against her. (Compl. 3.) Plaintiff reported the acts of retaliation to COL Heather L. Garrett in January 2012, but Garrett denied Plaintiff's requests for relief. (Compl. 3.)

## III.

## DISCUSSION

### A.   Short and Plain Statement of Claims

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is defective because it does not set forth any claims, but merely recites a narrative describing incidents that occurred during Plaintiff's employment in the army. Plaintiff's complaint must give the defendant fair notice of Plaintiff's claim or claims. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff does not clearly delineate her claims or identify the legal basis or bases for this lawsuit. Accordingly, Plaintiff's complaint does not comply with Rule 8 because it does not provide the defendants with fair notice of Plaintiff's claims.

Plaintiff's narrative is particularly confusing because it alludes to legal claims without providing any facts supporting those claims. Accordingly, it is unclear if Plaintiff is asserting those legal claims in this action. For example, Plaintiff's complaint alludes to sexual harassment

3

1  and abusive behavior toward disabled persons, but Plaintiff does not allege that she was a victim
2  of the sexual harassment or if she was a disabled person who suffered abuse.

3  Plaintiff's complaint will be dismissed with leave to amend. If Plaintiff chooses to
4  amend, the Court will require Plaintiff to identify each separate claim under separate and readily
5  identifiable headings. Plaintiff must enumerate each separate claim as "First Claim for Relief,"
6  "Second Claim for Relief," "Third Claim for Relief," etc. Plaintiff must also identify each claim
7  for relief. For example, "First Claim for Relief – Title VII Retaliation," and "Second Claim for
8  Relief – Breach of Contract/Settlement Agreement." Under each claim for relief, Plaintiff must
9  provide a short and plain statement of the facts relevant to that particular claim.

### B. Plaintiff's EEOC/Title VII Retaliation Claim

11  To the extent that Plaintiff intended to raise a claim for retaliation against filing an EEOC
12  complaint, Plaintiff's claim fails. Under Title VII of the Civil Rights Act of 1964 (codified as 42
13  U.S.C. § 2000e, et seq.), it is unlawful for an employer to discriminate against an employee for
14  filing complaints about an employer's unlawful employment practices. 42 U.S.C. § 2000e-3; Ray
15  v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000). "To make out a prima facie case of
16  retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer
17  subjected him to an adverse employment action; and (3) a causal link exists between the protected
18  activity and the adverse action." Ray, 217 F.3d at 1240.

19  Cases hold that filing a complaint with the EEOC is a protected activity. See id. at 1240
20  n.3. However, in order to constitute a protected activity, the plaintiff's belief that the employer
21  engaged in unlawful employment practices must be objectively reasonable. Moyo v. Gomez, 40
22  F.3d 982, 985 (9th Cir. 1994); see also McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d
23  923, 932 (E.D. Cal. 2011) ("employee's formal or informal complaint regarding unlawful
24  employment practices is 'protected activity,' and a plaintiff need only show that her belief that an
25  unlawful employment practice occurred was 'reasonable.'"). In the retaliation context:

> [an] employee's statement cannot be 'opposed to an unlawful employment practice' unless it refers to *some* practice by the employer that is allegedly unlawful. It is not necessary, however, that the practice be demonstrably unlawful; opposition clause protection will be accorded

4

> whenever the opposition is based upon a 'reasonable belief' that the employer has engaged in an unlawful employment practice.

E.E.O.C. v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983) (citing Sias v. City Demonstration Agency, 588 F.2d 692, 695-96 (9th Cir. 1978)).

Cases outside the Ninth Circuit similarly hold that, in order to constitute a "protected activity" under Title VII, Plaintiff must allege that he took action against his employer's illegal discriminatory conduct.  See Abuelyaman v. Illinois State University, 667 F.3d 800, 814-815 (7th Cir. 2011) ("There is no indication that any action was taken to address a concern of illegal discrimination..."); Bennett v. Hofstra University, 842 F. Supp. 2d 489, 500 (E.D.N.Y. 2012) ("in order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by Title VII.").  As the Court of Appeals for the District of Columbia held, "if the practice the employee opposed is not one that could reasonably and in good faith be regarded as unlawful under Title VII, [the "engaged in protected activity"] element is not satisfied."  McGrath v. Clinton, 666 F.3d 1377, 1380 (D.C. Cir. 2012).

Here, Plaintiff alleges that she filed a complaint with the EEOC, but does not allege any facts pertaining to the basis of that EEOC claim.  Plaintiff only vague alludes to "a toxic climate of sexual harassment [and] abusive behavior towards disabled civilian and military members." (Compl. 1.)  Plaintiff's complaint does not have any other details regarding the content of her EEOC complaint.  Accordingly, Plaintiff's complaint does not contain sufficient factual allegations to plausibly support the conclusion that Plaintiff engaged in "protected activity" within the meaning of Title VII.  It is worth noting that Title VII only prohibits discrimination on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  Accordingly, Plaintiff's EEOC complaint regarding disability discrimination does not appear to be proper.  See Stroud v. Delta Air Lines, Inc., 544 F.2d 892, 894 (5th Cir. 1977) ("Title VII does not purport to ban all discriminations, but only the specific forms enumerated by statute."); see also Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII prohibits employment discrimination based on any of its enumerated grounds: race, color, religion, sex, or national origin.").

Since Plaintiff fails to allege sufficient facts that plausibly support the conclusion that she engaged in protected activity within the meaning of Title VII, Plaintiff's complaint fails to state a cognizable claim for retaliation under Title VII.

### C. Plaintiff's Whistleblowing Claim

Plaintiff alleges that she was fired for "whistleblowing," but does not provide much detail regarding Plaintiff's whistleblowing activities. Under the Whistleblower Protection Act, 5 U.S.C. § 2302, the federal government is prohibited from taking a "personnel action," including termination, against an employee because the employee disclosed information that the employee reasonably believes evidences the violation of any law, rule or regulation. 5 US.C. § 2302(b)(8).

Again, Plaintiff fails to allege sufficient facts that plausibly support the conclusion that she engaged in any whistleblowing activities within the meaning of the Whistleblower Protection Act. Plaintiff's complaint does not describe her complaints and does not describe the conduct she was complaining of. Plaintiff does not identify any laws, rules or regulations that were violated or who violated them. Accordingly, Plaintiff's complaint does not state any cognizable claims under the Whistleblower Protection Act.

### IV.

### APPLICATION TO PROCEED WITHIN PREPAYMENT OF FEES

Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit, otherwise known as an application to proceed in forma pauperis, in this action June 6, 2013. (ECF No. 2.) Plaintiff's application was filed on a "short form," AO 240.

Plaintiff's application reveals that she has significant income and assets. For instance, Plaintiff's application states that she receives $1,400.00 every month in retirement from the U.S. Office of Personnel Management, $500.00 every month in Social Security retirement benefits, $400.00 every two weeks in state unemployment benefits (set to expire July 31, 2013), $975.00 per month in rental income, a house worth $350,000.00 and a second house worth $146,000.00[1].

///

---

[1] Plaintiff alleged that the second house is "underwater" by $41,000.00. It is unclear how much equity Plaintiff's owns on the first home.

Prior cases have used the poverty guidelines set by the United States Department of Health and Human Services in assessing a litigant's application to proceed without prepayment of costs. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307-1308 (11th Cir. 2004); McCue v. Food Pantry, Ltd., No. 08-00129 ACK-KS, 2008 WL 852018, at *1 (D. Hawai'i Mar. 28, 2008); Tetzner v. Kootenai County, No. CV07-35-N-EJL, 2007 WL 3046457, *4 (D. Idaho Oct. 16, 2007). The Annual Update of the HHS Poverty Guidelines from January 24, 2013 indicates that the poverty line for a single person household is $11,490 per year, or $957.50 per month. Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5182-01 (Jan. 24, 2013).

Plaintiff's application reveals that her monthly income is substantially above the poverty line and that Plaintiff owns substantial real property, though it is unclear how much total equity she possesses in her two properties. In light of Plaintiff's significant income and assets, the Court will deny Plaintiff's current application without prejudice and order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), AO 239. Plaintiff may be required to submit proof of present liabilities and additional financial information. In the alternative, Plaintiff may pay the filing fee in this case in full.

## V.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies identified by the Court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Plaintiff is advised that Local Rule 220 requires an amended complaint to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. If Plaintiff chooses to amend, Plaintiff's amended complaint must be filed within thirty (30) days from the date of service of this order;
3. If Plaintiff does not file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim;
4. Plaintiff's application to proceed without prepayment of fees is DENIED without prejudice;
5. Within thirty days of the date of service of this order, Plaintiff must either:
   a. Complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; or
   b. Pay the $400.00 filing fee in this action in full;
6. The Clerk of the Court is directed to send Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and
7. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 21, 2013**

UNITED STATES MAGISTRATE JUDGE